James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

KENTUCKY FINANCE COMPANY, Inc., a corporation and Kentucky Discount, Inc., a corporation, Defendants.

Civ. A. 2846.

United States District Court
W. D. Kentucky, Louisville Division.
April 5, 1957.

Marvin Tincher, Jeter S. Ray, Nashville, Tenn., for plaintiff.

Thomas S. Dawson, Frank A. Logan, Louisville, Ky., Charles Kelly, Hubachek & Kelly, Chicago, Ill., Harold H. Levin, Proskauer, Rose, Goetz & Mendelsohn, New York City, for defendants.

BROOKS, District Judge.

This cause came on for trial and the Court having considered the evidence, the briefs, and arguments of counsel, hereby states the following findings of fact and conclusions of law.

### Findings of Fact

1. The Court adopts the stipulation of the parties, dated May 2, 1955 as part of its findings herein.

2. The plaintiff brings this action to enjoin defendants from violating the provisions of Sections 15(a) (2) and 15(a) (5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 201 et seq., hereinafter designated as the Act.

3. Defendant "Ky. Finance Co., Inc., No. 1, Louisville, Ky." (hereinafter designated as Kentucky Finance) and defendant "Ky. Discount, Inc., Louisville, Ky." (hereinafter designated as Kentucky Discount) are separate corporations, organized under the laws of the Commonwealth of Kentucky and having their principal offices and place of business (hereinafter referred to as the Louisville Office), located at 225 South Fifth Street, in Louisville, Jefferson County, Kentucky.

4. At the Louisville Office Kentucky Finance makes personal and chattel loans of cash in amounts ranging from $5 to $300. At the same office Kentucky Discount purchases conditional sales contracts from appliance and furniture dealers.

5. Approximately 60 percent of the gross dollar volume of business done by the Louisville Office consists of personal and chattel loans made and handled by Kentucky Finance. Approximately 40 percent of the gross dollar volume of business done by the Louisville Office consists of conditional sales contracts purchased and handled by Kentucky Discount. All employees in the Louisville Office perform duties in the same capacity for both defendants.

6. Defendants conceded at the opening of the trial and the Court finds, on the basis of the stipulation that approximately 9 percent of the dollar volume of defendants' business is done with out-of-state borrowers, that defendants' employees are engaged in interstate commerce or the production of goods for interstate commerce. Defendants also conceded and the Court finds that prior to the filing of the present action defendants did not comply with Section 7 and Section 11(c) of the Fair Labor Standards Act. The only issue thus presented for determination by the Court is whether employees of defendants—other than the general manager and the collection manager—are exempt from the overtime provisions of the Act by reason of Section 13(a) (2) thereof, on the ground that they are employed by a retail or service establishment within the meaning of the Act.

7. On the basis of the stipulation and testimony the Court finds that more than 50 percentum of defendants' annual dollar volume of loans and purchases of conditional sales contracts are made within the State of Kentucky.

8. Subject to the same qualifications expressed by Chief Judge Kirkpatrick in Tobin v. Household Finance Corp., D.C. E.D.Pa., 106 F.Supp. 541, and Judge Day in Mitchell v. Aetna Finance Company, D.C.R.I., 144 F.Supp. 528, this Court finds that the local offices of small loan companies are regarded in the financial industry as retail service establishments. However, this finding becomes immaterial in view of Conclusion of Law No. 4, hereinafter set forth.

Conclusions of Law

1. The Court has jurisdiction over the parties and the subject matter of this action.

2. Defendants are subject to the provisions of Section 7 and 11(c) of the Fair Labor Standards Act, and their employees are entitled to the benefits thereof unless exempted by some provision of the Act.

3. Exemptions which withdraw from employees the benefits prescribed by the Act are to be strictly construed. The burden rests on the party asserting any exemption to establish that all requirements for the exemption have been met.

4. On the authority and reasoning of Chief Judge Kirkpatrick and Judge Day in Tobin v. Household Finance Corp., supra, and Mitchell v. Aetna Finance Co., supra, the Court concludes that defendants' establishment involved in this case is not a retail or service establishment within the meaning of the

exemption in Section 13(a) (2) of the Fair Labor Standards Act.

5. The lending of money does not constitute the sale of either goods or services within the intendment of the Section 13(a) (2) exemption.

6. In view of the foregoing conclusions, the Court does not find it necessary to decide whether the discount phase of defendants' business would be sufficient to defeat the Section 13(a) (2) exemption if the personal loan phase of their business, standing alone, would qualify them for the exemption.

7. The plaintiff is entitled to an injunction as prayed in the complaint.