**KENTUCKY FINANCE COMPANY, Inc. and Kentucky Discount, Inc., Appellants,**

v.

**James P. MITCHELL, Secretary of Labor, Appellee.**

No. 13287.

United States Court of Appeals Sixth Circuit.

April 15, 1958.

Harold H. Levin, New York City, Frank A. Logan (of Hensley & Logan), Thomas S. Dawson (of Bullitt, Dawson & Tarrant), Louisville, Ky., Harold H. Levin (of Proskauer, Rose, Goetz & Mendelsohn), New York City, Charles S. Kelly (of Hubachek & Kelly), Chicago, Ill., on brief, for appellants.

Bessie Margolin, Asst. Sol., Washington, D. C., Stuart Rothman, Sol., Sylvia S. Ellison and Lawrence P. Hochberg, Washington, D. C., Jeter S. Ray, Regional Attorney, Nashville, Tenn., on brief, for appellee.

Armin Kusswurm, Chicago, Ill., on brief for National Restaurant Ass'n amicus curiæ.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

SIMONS, Chief Judge.

The appeal presents an issue as to the application of the Fair Labor Standards Act to the employees of a small loan office in Louisville, Kentucky, Title 29, Sections 201 et seq. The original Act by section 13(a) (2) exempted from its operation "any employee engaged in any retail or service establishment the greater part of whose selling or servicing is in intrastate commerce. * * * " Dissatisfaction having arisen with the administrative application of the judicially determined test of "consumer use" in deciding what was a "retail or service establishment," section 13(a) (2) was amended in 1949 so that the exemption covers "any employee employed by any retail or service establishment, more than 50 per centum of which establishment's annual dollar volume of sales of goods or services is made within the State in which the establishment is located. A 'retail or service establishment' shall mean an establishment 75 per centum of whose annual dollar volume of sales of goods or services (or of both) is not for resale and is recognized as retail sales or services in the particular industry."

The question was presented to the District Court by the Secretary in the third of a series of three test cases by a petition for an injunction which, as granted, permanently enjoins the appellants from violating the Fair Labor Standards Act in their small loan establishment at Louisville. By this action, as in others elsewhere, the Secretary seeks a determination that a small loan establishment of the nature of the appellants is not exempted from the overtime provisions of the Act. There is no dispute as to the facts which by stipulation imported into the case evidence introduced in support of a petition in the first test case in Pennsylvania styled Tobin v. Household Finance Corporation, D. C., 106 F.Supp. 541, reversed by the Court of Appeals of the Third Circuit because the employees there involved were not engaged in commerce within the meaning of the Act and, therefore, not covered by it. Mitchell v. Household Finance Corporation, 208 F.2d 667.

The stipulated facts show that appellants operate a small loan business in Louisville, extending credit to individuals for payment of consumptive goods or services, that the individual accorded credit has consumed, or will consume, and in the purchase at a discount of conditional sales agreements evidencing the purchase of household appliances. Kentucky Finance Company, Inc. is a corporation which carries on the first phase

of this operation and Kentucky Discount is a corporation whose activity is in the second phase, though the employees of both corporations being engaged in each of these activities, conducted at one place of business. In the Discount activity, credit was generally extended to the purchaser of household appliances and not to the dealer, although the Discount company had recourse to the dealer in approximately 25% of its discount transactions. Ninety percent or more of the appellants' business was solely with Kentucky residents and in no case was resale contemplated or involved. It may confidently, therefore, be concluded that the two appellants constituted a single business unit engaged in the loaning of money to individuals for their use in paying for goods that they consumed and meets the requirements of the exemption amendment as doing business within the State.

At the outset, two issues were by the petition presented. One was whether the employees of the appellants were engaged in interstate commerce to such degree as called for the application of the Fair Labor Standards Act or, if so, whether their activities are recognized as retail sales or services in the particular industry.

Upon the appellants' concession that some of their employees are engaged in interstate commerce to such degree as to warrant the application of the Act, the first issue disappears and need be given no consideration. The sole question, therefore, on this appeal is whether the appellants are conducting a "retail or service establishment" within the meaning of the 1949 Amendment. In support of their contention, expert witnesses from the financial industry gave evidence that appellants' business therein was recognized as a retail business. The District Judge accepted this evidence as proving an "ultimate fact." The Secretary of Labor, in response, produced evidence that the generally understood definition of "retail" had no application to the financial industry but there was no evidence on his behalf as to how the appellants' business was characterized in the financial industry itself. The District Court concluded that the appellants were not a retail or service establishment and granted the injunction sought. From this determination the case has been brought here for review.

The Secretary's three test cases are Tobin v. Household Finance Corp., 106 F.Supp. 541, Mitchell v. Aetna Finance Co., 144 F.Supp. 528, and the present case Mitchell v. Kentucky Finance Co., Inc., 150 F.Supp. 368. In all three cases in the District Court, the Secretary's contention was sustained. Prior to the present appeal, the Household Finance case, supra, was reversed by the Court of Appeals of the Third Circuit, Mitchell v. Household Finance Corporation, 208 F.2d 667. The Court there did not come to grips with the issue here involved, reversing on the ground that the employees therein concerned were not involved in interstate commerce. It does not, therefore, stand as a precedent to guide us in reaching decision. The Aetna Finance Company case, supra, reached the Court of Appeals of the First Circuit and was affirmed on substantially the same reasoning as that of the trial judge, 247 F.2d 190.

The Court of Appeals for the Fifth Circuit had no difficulty in determining that an establishment is retail if it answers to the three tests provided by the '49 Amendment. Mitchell v. T. F. Taylor Fertilizer Works, Inc., 233 F.2d 284. It followed its own decision in Boisseau v. Mitchell, 218 F.2d 734, 737, wherein it was said, in reference to the requirement that the sale of goods or services, or of both, must be recognized in the particular industry as retail sales or services: "Under this test any sale or service, regardless of the type of customer, will have to be treated by the Administrator and courts as a retail sale or service, so long as such sale or service is recognized in the particular industry as a retail sale or service."

In the Taylor case, supra, decided by a different panel of the Court of Appeals of the Fifth Circuit, Judge Tuttle pointed out that industry members were unan-

imous in their opinions on the question that sales of fertilizer to consuming farmers were recognized as retail in the fertilizer industry and offered a reasonable basis for their distinction which cannot be rejected because they were interested parties. He reasoned [233 F.2d 288]: "The fact that Congress referred the matter to industry recognition indicates that it intended a more flexible rule, adaptable to the many various branches of industry. In the determination of what is recognized as retail in an industry, the opinion of industry members would be relevant, and the trial court did not err in basing its finding of fact upon their testimony." We find these cases highly persuasive in recognizing that the appellants' operations constituted a retail establishment. The evidence that it was so considered by the industry is cumulative, both in oral testimony of highly qualified experts in the financial industry and from the writings of those engaged in it. It is not in any measure refuted by those familiar with and active in the industry.

The language of the '49 Amendment is clear and unambiguous. It requires no interpretation by general observations made in respect to other industries or activities. The Congress in enacting the Fair Labor Standards Law was concerned with leaving primarily local activities within the control of the States. In enacting the '49 Amendment, it obviously avoided reliance solely on the minimum percentages of the amendment, nor mainly upon the absence of the resale qualification. In obvious caution it added the significant requirement of recognition by the industry itself. It is not controlling that the term "retail" may have in another environment and under other circumstances a different connotation. As has often been said, when considering the plain language of legislation, the Congress has created its own lexicon. It is within the capacity and function of legislative bodies so to do. Not only did it do so in the '49 Amendment but also in section 3(k) of the Act, wherein it defined "sale" to

include not only exchanges, contracts to sell, consignment for sale, shipment for sale, but added "or other disposition" and where in subsection (i) it defined "goods" as meaning not merely wares, products, commodities, or merchandise, but added "articles or subjects of commerce of any character." It would indeed be an anomaly if by the very intangibles by which an activity is brought within the scope of the commerce clause it should now be denied a clearly defined exemption.

While some of the legislative history of the amendment may suggest another purpose in derogation of the plain language of the amendment, such assumed purpose need not control. As was said by Mr. Justice Frankfurter, in 10 East 40th Street Bldg. v. Callus, 325 U.S. 578, 583, 65 S.Ct. 1227, 1230, 89 L.Ed. 1806: "Dialectic inconsistencies do not weaken the validity of practical adjustments, as between the State and federal authority, when Congress has cast the duty of making them upon the courts." Even so, Senator Holland, in sponsoring the bill, stated that a retail establishment is to be "defined variably in various industries by determining what are the habits and practice in the industry. * * * The well settled habits of business must be applied. They will not necessarily be the same in all trades or businesses." 95 Cong.Rec. 12510, and Senator Taft commented: "Hardly an industry can be found in which the question of what is retail and what is wholesale has not been settled for years. It is a question of fact just as much as any other question of fact." 95 Cong.Rec. 12516. Here, the facts of record speak for themselves.

Reversed with instruction to the District Court to set aside the injunction.

SHACKELFORD MILLER, Jr., Circuit Judge (dissenting).

I am of the opinion that in view of the legislative history of the 1949 Amendment of the Fair Labor Standards Act, Section 213(a) (2), Title 29, U. S. Code, as set out and discussed in Tobin v. Household Finance Corp., D.C.E.D.Pa., 106 F.Supp. 541, and Mitchell v. Aetna

Finance Co., D.C.D.R.I., 144 F.Supp. 528, the judgment should be affirmed. Steiner v. Mitchell, 6 Cir., 215 F.2d 171, affirmed, 350 U.S. 247, 76 S.Ct. 330, 100 L. Ed. 267.